ACME FOOD COMPANY, Appellee, v. W. R. HOWERTON, Appellant.

Sales: FAILURE OF CONSIDERATION: EVIDENCE.  Evidence in an action for the price of stock food that the defendant sold the first shipment which was all right but that his customers refused to buy

the second on the ground that it was worthless, and that defendant used some and found it worthless, was not sufficient to support a plea of failure of consideration.

**Pleadings:** MISJOINDER OF PARTIES: AMENDMENT. The inadvertent allegation in one count of a petition that plaintiff was a corporation when it was in fact a partnership as alleged in another count, may be corrected by amendment and when so corrected the pleading does not present a diversity of parties.

*Appeal from Mahaska District Court.*—HON. B. W. PRESTON, · Judge.

WEDNESDAY, FEBRUARY 17, 1909.

ACTION for goods ordered by the defendant and delivered by the plaintiff. There was a directed verdict for the plaintiff, and judgment thereon. Defendant appeals. —*Affirmed.*

*Liston McMillan,* for appellant.

*Irving C. Johnson,* for appellee.

EVANS, C. J.—On the 6th day of July, 1899, the defendant signed and delivered to the plaintiff a written order for Acme Food put up in various quantities, to be delivered at specified prices, amounting to a total of $162. On October 30, 1899, he signed and delivered another order for an additional quantity at like prices, amounting to a sum total of $450. The goods ordered were delivered to the defendant within a few days subsequent to the delivery of the order in each case. On October 8, 1900, the defendant sent a remittance of $100, and in November 22, 1900, a further remittance of $50. Both of these remittances were credited by the plaintiff upon the first order.

I. Plaintiff brought this action on both orders in

two separate counts, alleging a balance due on the first order, and alleging that nothing has been paid upon the second. The defendant answered by a general denial. He also alleged that the consideration for the instrument sued on had wholly failed, and that there never was any consideration for the same. At the trial the execution and delivery of the contract and the delivery of the goods in pursuance thereof were proved without dispute. In support of his affirmative defense, the defendant testified as a witness in his own behalf. The substance of his testimony is that he sold the first "batch" to his neighbors, and that it was all right, but that they refused to buy the second batch, and said it was not worth anything. "I tried some of it on my own cattle, and found that it made them scour, and was worthless." He also testified that he fed and sold about one-third of the second batch, and kept the rest on hand for about two years, and sold it for $50. He never made any complaint to the plaintiff until the year 1902. He offered no other testimony in support of his plea of failure of consideration. It is very clear that his own testimony did not support the plea. The written order signed by the defendant contained a conditional warranty on the part of the plaintiff. But no breach of warranty is alleged, nor is any fraud charged. The court properly directed the jury to return a verdict for the plaintiff.

*1. SALES: failure of consideration: evidence.*

II. After verdict, the defendant moved in arrest of judgment for misjoinder of parties and of causes of action. In the first count of its petition the plaintiff described itself as a partnership and set forth the names of its members. In the second count it averred itself as a corporation. This latter averment, however, was corrected by an amendment filed before the trial of the case. It is the contention of the defendant that the original averment of the

*2. PLEADINGS: misjoinder of parties: amendment.*

second count of the petition was conclusive as to the identity of the owner of that cause of action, and that it was not the same person as the partnership described in the first count of the petition, and that the apparent diversity of parties plaintiff could not be cured by the amendment filed. There is no merit in this contention. So far as appears here, the original allegation was a mere inadvertence of the pleader, and was corrected as soon as discovered. The motion in arrest was properly overruled.

The judgment below is *affirmed*.